UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 27, 2015

LETTER TO COUNSEL

RE:   *Annette Laverne Edwards v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3833

Dear Counsel:

On December 20, 2013, Plaintiff Annette Laverne Edwards petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 15, 17, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Ms. Edwards's motion. This letter explains my rationale.

Ms. Edwards filed a claim for Supplemental Security Income ("SSI") on June 14, 2010. (Tr. 125-28). She alleged a disability onset date of April 1, 2009. (Tr. 125). Her claim was denied initially and on reconsideration. (Tr. 63-66, 70-71). An Administrative Law Judge ("ALJ") held a hearing on June 13, 2012. (Tr. 27-59). Following the hearing, the ALJ determined that Ms. Edwards was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-22). The Appeals Council denied Ms. Edwards's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Edwards suffered from the severe impairments of bipolar disorder and substance abuse in recent reported remission. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Edwards retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can carry out simple tasks in 2-hour increments (which can be accommodated by regularly scheduled breaks); have occasional interaction with co-workers and supervisors but must avoid direct interaction with the general public; and adapt to simple changes in a routine work setting.

*Annette Laverne Edwards v. Commissioner, Social Security Administration*
Civil No. SAG-13-3833
January 27, 2015
Page 2

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Edwards could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 21-22).

Ms. Edwards raises two arguments on appeal: (1) that the ALJ did not address Listing 12.05 with sufficient specificity; and (2) that the ALJ did not accord adequate weight to the opinion of Ms. Edwards's treating psychologist. Each argument lacks merit and is addressed below.

First, Ms. Edwards argues that the ALJ did not adequately evaluate whether she satisfied the criteria of Listing 12.05, which considers intellectual disability. Pl. Mem. 7-14. To satisfy Listing 12.05, a claimant must meet the criteria of the introductory paragraph and one of four subsections, A through D. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Part A § 12.05. Specifically, Ms. Edwards argues that her level of cognitive functioning satisfies the criteria of the introductory paragraph and subsection C, both of which she claims the ALJ failed to evaluate. Pl. Mem. 10. The introductory paragraph of Listing 12.05 explains that "intellectual disability refers to significantly subaverage general intellectual functioning" which manifests in "deficits in adaptive functioning during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Part A § 12.05. Subsection C of Listing 12.05 requires: (1) "a valid verbal, performance, or full scale IQ of 60 through 70," and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* Ms. Edwards argues that she suffered from deficits in adaptive functioning before age 22 because the record demonstrates that she attended special education classes in school. Pl. Mem. 11 (citing (Tr. 353)). Ms. Edwards argues that subsection C is satisfied by (1) the results of Dr. Ansel's IQ testing, and (2) the work-related limitations the ALJ determined resulted from her severe impairment of bipolar disorder. Pl. Mem. 9-10; *see* (Tr. 14-16, 354)

Ms. Edwards's argument rests on her contention that the ALJ erred in rejecting the results of Dr. Ansel's IQ testing. However, an ALJ "has the discretion to assess the validity of an IQ test result and is not required to accept it even if it is the only such result in the record." *Hancock v. Astrue*, 667 F.3d 470, 474 (4th Cir. 2012). In this case, the ALJ discredited the IQ scores because the results of the intelligence tests were noted in a conclusory fashion, and because the accompanying report lacked "detailed descriptions and well-rationalized analyses of [Ms. Edwards's] history, current and past functioning, testing results, and conclusions to support Dr. Ansel's conclusion that [Ms. Edwards] functions in the mild mental retardation range." (Tr. 16). In assessing Ms. Edwards's RFC, the ALJ further noted that the IQ scores were inconsistent with the record as a whole, including Ms. Edwards's "prior work as a nursing assistant and her testimony that she successfully completed a 6-month certificate course for nursing assistants, learning how to take blood pressure and temperature and give baths." (Tr. 19). Notably, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). I thus find that the ALJ provided

substantial evidence in support of her decision to reject the IQ test results.[1] Ms. Edwards correctly notes that the ALJ did not expressly discuss whether Ms. Edwards's cognitive functioning meets the criteria of subsection C. However, because the ALJ discredited the results of Dr. Ansel's IQ testing in her contemplation of subsection B, any error in her failure to consider subsection C was harmless. Accordingly, I find that the ALJ's evaluation of Listing 12.05 was supported by substantial evidence.[2]

Next, Ms. Edwards argues that the ALJ erred by assigning the opinion of Dr. Ansel "little weight" in her RFC assessment. Specifically, she argues that the ALJ failed to consider her inability to focus, which she claims is demonstrated by the results of the intelligence testing administered by Dr. Ansel, specifically the fact that her "[p]rocessing speed was especially deficient." Ms. Edwards claims that the ALJ "ordered the exam" by Dr. Ansel because Ms. Edwards "alleged disability due to blackouts and difficulty focusing." Pl. Mem. 14. However, Dr. Ansel's report specifically states that Ms. Edwards was referred by her then-counsel, Mr. Edmonds, and that she was "referred for intelligence testing only." (Tr. 353-54). More importantly, however, Dr. Ansel did not offer a specific opinion about Ms. Edwards's ability to focus, nor has Ms. Edwards shown a correlation between deficient processing speed and ability to focus. *See id.* Ms. Edwards has not identified, and I have not found, any other evidence in the record supporting her contention that she suffers from limitations, beyond those included in the ALJ's RFC assessment, caused by an inability to focus.

Ms. Edwards also takes issue with the ALJ's consideration of her prior work as a nursing assistant, claiming that it has no bearing on her current ability to focus. Pl. Mem. 16. However, it is not apparent that the ALJ found her work as a nursing assistant to have any bearing on her ability to focus. Rather, it seems that the ALJ simply found her prior work inconsistent with both her full scale IQ score and Dr. Ansel's ultimate opinion that her level of intellectual functioning is "in the mildly mentally retarded range."[3] (Tr. 18-19). Finally, I note that Ms. Edwards's argument largely reiterates her initial claim that the ALJ did not provide an adequate explanation for discrediting the intelligence test results. However, as discussed above, in support of her decision, the ALJ cited to substantial evidence undermining those results. Accordingly, I find that the ALJ provided substantial evidence in support of both her evaluation of Dr. Ansel's opinion and her assessment of Ms. Edwards's RFC.

---

[1] Ms. Edwards's argument that the ALJ erred by failing to re-contact Dr. Ansel pursuant to Social Security Ruling 96-5p is also without merit. The ruling governs the evaluation of opinions from treating physicians, and as such, it is inapposite to the evaluation of Dr. Ansel's opinion, since he was a one-time examiner. *See* SSR 96-5p, 1996 WL 374183 (July 2, 1996).

[2] Because Ms. Edwards has not established that she satisfied any of the subsections of Listing 12.05, whether she meets the criteria of the introductory paragraph is irrelevant. *See Hancock*, 667 F.3d at 473.

[3] Contrary to Ms. Edwards's assertions, her intellectual functioning prior to her alleged disability onset date is relevant to the ALJ's overall evaluation of the intelligence testing, since the consideration of Listing 12.05 requires a claimant to establish deficits in adaptive functioning before age 22. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Part A § 12.05.

*Annette Laverne Edwards v. Commissioner, Social Security Administration*
Civil No. SAG-13-3833
January 27, 2015
Page 4

    For the reasons set forth herein, Ms. Edwards's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge